UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES CLIFFORD LeMASTERS, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>D.O.C. Commissioner JOAN FABIAN,<br>Commissioner of D.O.C.,<br><br>    Defendant. | Civil No. 09-702 (DSD/AJB)<br><br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, a prisoner at the Minnesota Correctional Facility at Oak Park Heights, Minnesota has filed a self-styled complaint seeking relief under the "Prison Rape Elimination Act," ("PREA"), 42 U.S.C. § 15601 et seq. (Docket No. 1.) The matter has been assigned to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted, and that this action should therefore be summarily dismissed pursuant to § 1915A(b)(1).

**I. BACKGROUND**

Plaintiff alleges that while he was previously incarcerated at the Minnesota Correctional Facility in St. Cloud, Minnesota, ("MCF-SCL"), "multiple female guards were

---

[1] Plaintiff did not tender the statutory filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) It appears from Plaintiff's IFP application that he may be unable to pay even the initial partial filing fee that prisoners normally must pay pursuant to 28 U.S.C. § 1915(b)(1). Thus, the Court finds, at least for now, that Plaintiff has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

going from cell to cell selling themselves to the inmates for sexual pleasures," ("5$ for oral sex [and] 12$ for sexual intercourse"). Plaintiff alleges that he "was forced to witness these acts in terror," and that he was subjected to a host of other physical and sexual abuses during his confinement at MCF-SCL. Based on these allegations, Plaintiff is attempting to sue Joan Fabian, the Minnesota Commissioner of Corrections, under the PREA. He is seeking a judgment that would award him $2,500,000.00, and grant him an immediate discharge from prison.

## II. DISCUSSION

Because Plaintiff is a prisoner who is attempting to sue a government employee, (namely the Commissioner of Corrections), his pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental employees or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the Plaintiff's complaint fails to state a cause of action on which relief can be granted, it must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

The Court finds that Plaintiff's current complaint fails to state an actionable claim for relief, because the statute on which this action purportedly is based, the PREA, does not create a right of action that is privately enforceable by an individual civil litigant. As explained in <u>Chinnici v. Edwards</u>, NO. 1:07-CV-229 (D.Vt. 2008), 2008 WL 3851294:

> "[T]he PREA confers no private right of action. The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue. 42 U.S.C. § 15601 et seq. The statute

does not grant prisoners any specific rights."

Id. at *3.  See also Rindahl v. Weber, No. CIV. 08-4041-RHB (D.S.D. 2008), 2008 WL 5448232 at *1 (same); Bell v. County of Los Angeles, No. CV 07-8187-GW(E) (C.D.Cal. 2008), 2008 WL 435768 at *6 (same); Pirtle v. Hickman, No. CV05-146-S-MHW (D.Idaho 2005), 2005 WL 3359731 at *1 (same).  Simply put, Plaintiff cannot sue the named Defendant, (or anyone else), under the PREA, as he is attempting to do here.

The caption of the Plaintiff's complaint includes a reference to 42 U.S.C. § 1983, which suggests that Plaintiff might also be attempting to bring a civil rights claim against Defendant Fabian, for allegedly violating his federal constitutional rights. However, Plaintiff has clearly failed to plead an actionable § 1983 civil rights claim, because he has not described any specific acts or omissions by Fabian herself, which purportedly violated his constitutional rights.  It appears that Plaintiff might be seeking to hold Defendant Fabian vicariously liable for some alleged misconduct by one or more of her subordinates.  Such a claim, however, would not be actionable under 42 U.S.C. § 1983, because governmental officials and entities cannot be held liable under the doctrine of respondeat superior in civil rights cases.  Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). See also Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) ("[t]he general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability" in a civil rights action).  To state an actionable civil rights claim against a government official or entity, a complaint must include specific factual allegations showing how that particular party's own personal acts or omissions directly caused a violation of the plaintiff's constitutional rights. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999).  Because Plaintiff's pleading does not include any such allegations with

regard to Defendant Fabian, he has failed to state an actionable § 1983 civil rights claim against her.

Thus, the Court finds that Plaintiff has failed to plead any cause of action on which relief can be granted. The Court will therefore recommend that Plaintiff's complaint be summarily dismissed pursuant to 28 U.S.C. § 1915A(b), and that his application for leave to proceed IFP, (see n. 1, supra), be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $350.00 filing fee for this case.[2] To date, he has not paid any fee at all, so he still owes the full $350.00 fee. Prison officials will have to deduct that amount from Plaintiff's prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

Finally, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

---

[2] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350.00, in accordance with 28 U.S.C. § 1915(b)(2); and

4. The dismissal of this action be counted as a "strike" against Plaintiff, for purposes of 28 U.S.C. § 1915(g).

Dated: April 17, 2009

                                                s/ Arthur J. Boylan
                                                ARTHUR J. BOYLAN
                                                United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before May 1, 2009.